IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and | ) | |
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| SUN PHARMA GLOBAL FZE, SUN | ) | |
| PHARMACEUTICAL INDUSTRIES LTD., | ) | |
| ZYDUS WORLDWIDE DMCC, CADILA | ) | |
| HEALTHCARE LIMITED, SANDOZ INC., | ) | |
| LEK PHARMACEUTICALS D.D., | ) | |
| ALVOGEN PINE BROOK, LLC and | ) | |
| NATCO PHARMA LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"),

(collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants

Sun Pharma Global FZE and Sun Pharmaceutical Industries Ltd. (collectively, "Sun"), Zydus

Worldwide DMCC ("Zydus Worldwide") and Cadila Healthcare Limited ("Cadila")

(collectively, "Zydus"), Sandoz Inc. and Lek Pharmaceuticals D.D. ("Lek") (collectively,

"Sandoz"), and Alvogen Pine Brook, LLC ("Alvogen") and Natco Pharma Ltd. ("Natco")

(collectively, "Alvogen-Natco") (Sun, Zydus, Sandoz and Alvogen-Natco collectively are

"defendants") and hereby allege as follows:

## NATURE OF THE ACTION

1.      This action for patent infringement, brought pursuant to the patent laws of the

United States, 35 U.S.C. § 1, *et seq.*, arises from Sun's, Zydus's, Sandoz's, and Alvogen-Natco's

submissions to the United States Food and Drug Administration ("FDA") of Abbreviated New

Drug Applications ("ANDAs"), and amendments thereto, seeking approval to market generic

versions of Plaintiffs' highly successful pharmaceutical product IMBRUVICA®, prior to the expiration of a patent listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for IMBRUVICA®. Sun has submitted amendments to ANDA No. 211319 ("Sun's ANDA") which, together with Sun's ANDA, seek approval to market a generic version of IMBRUVICA®, prior to the expiration of U.S. Patent No. 10,478,439 ("the '439 Patent"). Zydus has submitted amendments to ANDA No. 211344 ("Zydus's ANDA") which, together with Zydus's ANDA, seek approval to market a generic version of IMBRUVICA®, prior to the expiration of the '439 Patent. Sandoz has submitted ANDA No. 211267 ("Sandoz's ANDA") which seeks approval to market a generic version of IMBRUVICA®, prior to the expiration of the '439 Patent. Alvogen-Natco has submitted amendments to ANDA No. 212763 ("Alvogen's ANDA") which, together with Alvogen's ANDA, seek approval to market a generic version of IMBRUVICA®, prior to the expiration of the '439 Patent.

## THE RELATED LITIGATION

2.      This is a civil action for infringement of the '439 Patent.

3.      Other patent infringement actions relating to Sun's ANDA, Zydus's, ANDA, Sandoz's ANDA or Alvogen's ANDA and IMBRUVICA® are pending in this judicial district between Plaintiffs and the defendants: *Pharmacyclics LLC et al. v. Alvogen Pine Brook LLC et al.*, Civil Action No. 19-434-CFC (the "Tablet Action") and *Pharmacyclics LLC et al. v. Sun Pharma Global FZE et al.*, Civil Action No. 18-192-CFC (the "Consolidated Capsule Action"), which includes *Pharmacyclics LLC et al. v. Sun Pharma Global FZE.*, Civil Action No. 18-237-CFC; *Pharmacyclics LLC et al. v. Sun Pharma Global FZE et al.*, Civil Action No. 18-1543-CFC; *Pharmacyclics LLC et al. v. Cipla Ltd.*, Civil Action No. 18-247-CFC; *Pharmacyclics LLC*

*et al. v. Zydus Worldwide DMCC et al.*, Civil Action No. 18-275-CFC; and *Pharmacyclics LLC et al. v. Zydus Worldwide DMCC et al.*, Civil Action No. 19-143-CFC , each of which also arises from the submission of an ANDA seeking approval to market a generic version of IMBRUVICA®.

## IMBRUVICA®

4.      IMBRUVICA® (ibrutinib) is a ground-breaking drug which covalently binds to a protein called Bruton's tyrosine kinase ("BTK"), thereby irreversibly inhibiting BTK's activity.

5.      BTK is a key signaling molecule in the pathway that leads to B-cell growth and maturation following activation of the B-cell receptor. Abnormalities in the B-cell receptor signaling pathway can lead to uncontrolled cell growth and cause cancers of the blood and bone marrow. IMBRUVICA® is the first FDA-approved BTK inhibitor.

6.      Pharmacyclics invested hundreds of millions of dollars in the development of IMBRUVICA®. Pharmacyclics partnered with Janssen to bring this revolutionary drug to patients across the United States and throughout the world. Janssen, recognizing the potential of the compound, invested hundreds of millions of dollars in the clinical development and commercialization of IMBRUVICA®.

7.      Initial clinical trials using IMBRUVICA® to treat mantle cell lymphoma ("MCL") showed that patients taking IMBRUVICA® had an observed response rate of 68%. These results led FDA to grant accelerated approval to IMBRUVICA® for the treatment of MCL in patients who had received at least one prior therapy through the new Breakthrough Therapy Designation pathway, a process that allows the FDA to grant priority review to drug candidates if preliminary clinical trials indicate that the therapy may offer substantial treatment advantages over existing

options for patients with serious or life-threatening diseases. IMBRUVICA® was one of the first drugs ever to receive FDA approval via the Breakthrough Therapy Designation.

8.     IMBRUVICA® has received three additional Breakthrough Therapy Designations for three additional indications: Waldenström's macroglobulinemia; chronic lymphocytic leukemia ("CLL") or small lymphocytic lymphoma ("SLL") with a deletion of the short arm of chromosome 17 (del 17p); and chronic graft-versus-host-disease ("cGVHD"). IMBRUVICA® is also indicated for the treatment of marginal zone lymphoma ("MZL") in patients who require systemic therapy and have received at least one prior anti-CD20-based therapy and the treatment of CLL/SLL. For MZL and cGVHD, IMBRUVICA® represents the first FDA approved treatment specifically for patients with these disorders.

9.     IMBRUVICA® has one of the most robust clinical oncology development programs for a single molecule in the industry, with more than 150 ongoing clinical trials. There are approximately 30 ongoing company-sponsored trials, 14 of which are in Phase 3, and more than 100 investigator-sponsored trials and external collaborations that are active around the world.

10.     IMBRUVICA® has gained widespread acceptance in the medical community with approximately 170,000 patients around the world having been treated with IMBRUVICA®. In 2015, IMBRUVICA® was awarded the prestigious Prix Galien Award for Best Pharmaceutical Agent. The Prix Galien Award is considered the biomedical industry's highest accolade.

11.     The '439 Patent is listed in the Orange Book for IMBRUVICA®.

## THE PARTIES

12.     Plaintiff Pharmacyclics LLC is a limited liability company organized and existing under the laws of the Delaware with its principal place of business at 995 East Arques Avenue, Sunnyvale, California 94085. Pharmacyclics is a wholly owned subsidiary of AbbVie Inc., a

Delaware corporation with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064-6400. Pharmacyclics is the assignee and owner of the '439 Patent. Pharmacyclics holds New Drug Application ("NDA") No. 205552 for IMBRUVICA®.

13.     Plaintiff Janssen Biotech, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044. Janssen is a wholly owned subsidiary of Johnson & Johnson. Janssen is the exclusive licensee of the Orange Book patents for IMBRUVICA®. Janssen is engaged in the clinical development and commercialization of IMBRUVICA® and shares in the proceeds from U.S. sales of IMBRUVICA®.

14.     On information and belief, Sun Pharma Global FZE is a corporation organized and existing under the laws of the United Arab Emirates, with a principal place of business at Office 43 Block Y, Sharjah Airport International Free Zone, P.O. Box 122304, Sharjah, United Arab Emirates.

15.     On information and belief, Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of India, with a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra 400063, India.

16.     On information and belief, Sun Pharma Global FZE is a wholly owned subsidiary of Sun Pharmaceutical Industries Ltd.

17.     On information and belief, Sun Pharma Global FZE acts at the direction, and for the benefit, of Sun Pharmaceutical Industries Ltd., and is controlled and/or dominated by Sun Pharmaceutical Industries Ltd.

18.     On further information and belief, Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

19.     On information and belief, Sun caused the amendment to Sun's ANDA to be submitted to FDA and seeks FDA approval of Sun's ANDA.

20.     On information and belief, Sun Pharmaceutical Industries Ltd. holds Drug Master File ("DMF") No. 31547 for ibrutinib.

21.     On information and belief, Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE acted collaboratively in the preparation, submission and amendment of Sun's ANDA and DMF No. 31547 and continue to act collaboratively in pursuing FDA approval of Sun's ANDA and seeking to market the proposed generic ibrutinib capsules described in Sun's ANDA ("Sun's ANDA Product").

22.     On information and belief, Sun intends to commercially manufacture, market, offer for sale, and sell Sun's ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves Sun's ANDA.

23.     On information and belief, Sun Pharma Global FZE and Sun Pharmaceutical Industries Ltd. rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Sun Pharma Global FZE and Sun Pharmaceutical Industries Ltd. intend to act

collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Sun's ANDA Product, in the event FDA approves Sun's ANDA.

24.     On information and belief, Zydus Worldwide is a company organized and existing under the laws of the United Arab Emirates, with a principal place of business at Armada Tower 2, P2, Cluster P, 9 Floor, Office 908, Al Thanyah 5, Hadaeq Mohammed Bin Rashid, Dubai, United Arab Emirates.

25.     On information and belief, Cadila is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.

26.     On information and belief, Zydus Worldwide acts at the direction, and for the benefit, of Cadila, and is controlled and/or dominated by Cadila.

27.     On information and belief, Zydus Worldwide and Cadila collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Zydus Worldwide and Cadila are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

28.     On information and belief, Zydus caused the amendment to Zydus's ANDA to be submitted to FDA and seeks FDA approval of Zydus's ANDA.

29.     On information and belief, Zydus Worldwide and Cadila acted collaboratively in the preparation, submission, and amendment of Zydus's ANDA and continue to act collaboratively in pursuing FDA approval of Zydus's ANDA and seeking to market the proposed generic ibrutinib capsules described in Zydus's ANDA ("Zydus's ANDA Product").

30. On information and belief, Zydus intends to commercially manufacture, market, offer for sale, and sell Zydus's ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves Zydus's ANDA.

31. On information and belief, Zydus Worldwide and Cadila rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Zydus Worldwide and Cadila intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Zydus's ANDA Product, in the event FDA approves Zydus's ANDA.

32. On information and belief, Defendant Sandoz Inc. is a corporation organized and existing under the laws of the State of Colorado, with a principal place of business at 100 College Road West, Princeton, New Jersey 08540.

33. On information and belief, Defendant Lek Pharmaceuticals d.d. is a corporation existing under the laws of Slovenia, having its principal place of business at Verovškova 57, 1526 Ljubljana, Slovenia.

34. On further information and belief, Sandoz Inc., and Lek collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of drug substances and pharmaceutical products. On further information and belief, Sandoz Inc., and Lek are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

35. On information and belief, Sandoz Inc. and Lek acted collaboratively in the preparation, and submission of Sandoz's ANDA and continue to act collaboratively in pursuing FDA approval of Sandoz's ANDA and seeking to market the proposed generic ibrutinib capsules described in Sandoz's ANDA ("Sandoz's ANDA Product").

36.     On information and belief, Sandoz intends to commercially manufacture, market, offer for sale, and sell Sandoz's ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves Sandoz's ANDA.

37.     On information and belief, Sandoz Inc. and Lek rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Sandoz Inc. and Lek intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Sandoz's ANDA Product, in the event FDA approves Sandoz's ANDA.

38.     On information and belief, Alvogen is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 10 Bloomfield Avenue, Building B, Pine Brook, New Jersey 07058.

39.     On information and belief, Natco is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at NATCO House, Road No. 2, Banjara Hills, Hyderabad – 500 034, India.

40.     On information and belief, Alvogen and Natco collaborate and/or will collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of the proposed generic ibrutinib tablets in 140 mg, 280 mg, 420 mg, and 560 mg dosage strengths as described in Alvogen-'s ANDA ("Alvogen's ANDA Products").

41.     On information and belief, Alvogen-Natco caused the amendment to Alvogen's ANDA to be submitted to FDA and seeks FDA approval of Alvogen's ANDA.

42.     On information and belief, Natco holds Drug Master File ("DMF") No. 32937 for ibrutinib.

43.     On information and belief, Natco will financially benefit in the event FDA approves the Alvogen-Natco ANDA because Natco is actively involved in the commercial manufacture, use, and/or sale of Alvogen's ANDA Products. *See id.*

44.     On information and belief, Alvogen-Natco intends to commercially manufacture, market, offer for sale, and sell Alvogen's ANDA Products throughout the United States, including in the State of Delaware, in the event FDA approves Alvogen's ANDA.

45.     On information and belief, Alvogen and Natco rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Alvogen and Natco intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Alvogen's ANDA Product, in the event FDA approves Alvogen's ANDA.

## JURISDICTION AND VENUE

46.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271.

47.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. *See also Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

48.     This Court has personal jurisdiction over Sun because, on information and belief, Sun, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Sun's ANDA Product in the State of Delaware upon approval of Sun's ANDA.

49.     On information and belief, Sun is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Sun manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

50.     On information and belief, Sun is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

51.     Sun has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated January 28, 2020, sent by Sun Pharma Global FZE to, *inter alia*, Pharmacyclics and Janssen pursuant to 21 U.S.C. § 355(j)(2)(B) ("Sun's Notice Letter"), Sun prepared and filed its ANDA with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

52.     On information and belief, Sun plans to sell its ANDA Product in the State of Delaware, list its ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

53.     On information and belief, Sun knows and intends that its proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of

IMBRUVICA®, causing injury to Plaintiffs. Sun intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Product.

54. Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE have engaged in patent litigation concerning FDA-approved drug products in this judicial district and have not contested personal jurisdiction or venue in this judicial district in such litigation. *See also, e.g.*, *Biogen MA Inc. v. Sun Pharma Global FZE*, C.A. No. 17-848, D.I. 9 (D. Del. Oct. 16, 2017); *Bristol-Myers Squibb Co. et al v. Sun Pharmaceutical Industries, Inc. et al.*, C.A. No. 17-409, D.I. 10 (D. Del. May 12, 2017); *Amgen Inc. v. Sun Pharmaceutical Industries, Ltd., et al.*, C.A. No. 16-882, D.I. 14 (D. Del. Nov. 16, 2016).

55. Sun does not contest personal jurisdiction in this judicial district in the Consolidated Capsule Action and cases thereof. *See Pharmacyclics LLC et al. v. Shilpa Medicare Limited et al.*, C.A. No. 18-237-CFC, D.I. 14, Answer ¶ 41 (Apr. 6, 2018) ("Sun does not contest personal jurisdiction in this Court for the purpose of this action only."); C.A. No. 18-1543, D.I. 9, Answer ¶ 26 (Oct. 31, 2018) (same); C.A. No. 18-192, D.I. 129, Answer to First Am. Compl. ¶ 39 (Mar. 15, 2019) (same), D.I. 214, Answer to Second Am. Compl. ¶ 24 (Aug. 20, 2019) (same).

56. Sun has invoked the jurisdiction of this judicial district as a Counterclaimant in the Consolidated Capsule Action and cases thereof. *See Pharmacyclics LLC et al. v. Shilpa Medicare Limited et al.*, C.A. No. 18-237-CFC, D.I. 14, Counterclaims ¶ 10 (Apr. 6, 2018); C.A. No. 18-1543, D.I. 9, Counterclaims ¶ 10 (Oct. 31, 2018); C.A. No. 18-192, D.I. 129, Counterclaims ¶ 10 (Mar. 15, 2019), D.I. 214, Counterclaims ¶ 10 (Aug. 20, 2019).

57. Alternatively, this Court has personal jurisdiction over Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE because the requirements of Federal Rule of Civil

Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Sun's ANDA to FDA, preparing and submitting DMF No. 31547 to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Sun Pharmaceutical Industries Ltd. and Sun Pharma Global FZE satisfies due process.

58.     Venue is proper in this district for Sun Pharma Global FZE pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharma Global FZE is a corporation organized and existing under the laws of the United Arab Emirates and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

59.     Venue is proper in this district for Sun Pharmaceutical Industries Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

60.     Sun does not contest venue in this judicial district in the Consolidated Capsule Action and cases thereof. *See Pharmacyclics LLC et al. v. Shilpa Medicare Limited et al.*, C.A. No. 18-237-CFC, D.I. 14, Answer ¶ 45 (Apr. 6, 2018) ("Sun does not contest venue in this Court for the purposes of this action only."); C.A. No. 18-1543, D.I. 9, Answer ¶ 36 (Oct. 31, 2018) (same); C.A. No. 18-192, D.I. 129, Answer to First Am. Compl. ¶ 49 (Mar. 15, 2019) (same), D.I. 214, Answer to Second Am. Compl. ¶ 35 (Aug. 20, 2019) (same).

61.     This Court has personal jurisdiction over Zydus because, on information and belief, Zydus, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell its ANDA Product in the State of Delaware upon approval of Zydus's ANDA.

62.     On information and belief, Zydus is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter-egos, throughout the United States and in this judicial district.

63.     Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated January 3, 2018, sent by Zydus Worldwide to, *inter alia*, Pharmacyclics and Janssen, pursuant to 21 U.S.C. § 355(j)(2)(B), Zydus prepared and filed its ANDA with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

64.     On information and belief, Zydus plans to sell its ANDA Product in the State of Delaware, list its ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

65.     On information and belief, Zydus knows and intends that its proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of

IMBRUVICA®, causing injury to Plaintiffs. Zydus intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Product.

66.     Zydus Worldwide has engaged in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in such litigation in this judicial district. *See UCB, Inc. v. Zydus Worldwide DMCC, et al.*, C.A. No. 16-1023, D.I. 15 (D. Del. Feb. 27, 2017).

67.     Cadila regularly engages in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in such litigation in this judicial district. *See, e.g.*, *Millennium Pharmaceuticals, Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-423, D.I. 9 (D. Del. May 24, 2017); *Pfizer Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-214, D.I. 13 (D. Del. June 5, 2017); *Sanofi-aventis US LLC et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-034, D.I. 9 (D. Del. Apr. 10, 2017); *Astellas Pharma Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-1167, D.I. 11 (D. Del. Feb. 27, 2017); *Upsher-Smith Laboratories Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-00248, D.I. 15 (D. Del. Oct. 31, 2016).

68.     Zydus Worldwide and Cadila have not contested personal jurisdiction in this judicial district in the Consolidated Capsule Action and cases thereof. *See* C.A. No. 18-192, D.I. 126, Answer to First Am. Compl. ¶¶ 45 ("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus."), 46 ("Cadila . . . avers that it does not contest this Court's personal jurisdiction over Cadila."), D.I. 225, Answer to Second Am. Compl. ¶¶ 34, 35 (same); C.A. No. 18-275, D.I. 15, Answer ¶¶ 45 ("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus Worldwide."), 46 ("Cadila . . . avers that it does not contest this Court's personal jurisdiction over Cadila."); C.A. No. 19-143, D.I. 10, Answer ¶ 26

("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus Worldwide.").

69.     Zydus Worldwide and Cadila have invoked the jurisdiction of this judicial district as a Counterclaimant in the Consolidated Capsule Action and cases thereof. *See* C.A. No. 18-192, D.I. 126, Counterclaims ¶ 6, D.I. 225 Second Am. Counterclaims ¶ 7; C.A. No. 18-275, D.I. 15, Counterclaims ¶ 5; C.A. No. 19-143, D.I. 10, Counterclaims ¶ 7 .

70.     Alternatively, this Court has personal jurisdiction over Zydus Worldwide and Cadila because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Zydus Worldwide and Cadila are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Worldwide and Cadila have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Zydus's ANDA to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Zydus Worldwide and Cadila satisfies due process.

71.     Venue is proper in this district for Zydus Worldwide pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Zydus Worldwide is a corporation organized and existing under the laws of the United Arab Emirates and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

72.     Venue is proper in this district for Cadila pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Cadila is a corporation organized and existing under the laws of the India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

73.     Zydus Worldwide and Cadila have not contested venue in this judicial district in the Consolidated Capsule Action and cases thereof. *See* C.A. No. 18-192, D.I. 126, Answer to First Am. Compl. ¶¶ 48 ("Zydus Worldwide avers that it does not contest venue."), 49 ("Cadila Healthcare avers that it does not contest venue."), D.I. 225, Answer to Second Am. Compl. ¶¶ 39, 40 (same); C.A. No. 18-275, D.I. 15, Answer ¶¶ 48 ("Zydus Worldwide does not contest venue in this District."), 49 ("Cadila does not contest venue in this District."); C.A. No. 19-143, D.I. 10, Answer ¶ 38 ("Zydus . . . avers that it does not contest venue . . . .  Cadila Healthcare avers that it does not contest venue,").

74.     This Court has personal jurisdiction over Sandoz because, on information and belief, Sandoz, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Sandoz's ANDA Product in the State of Delaware upon approval of Sandoz's ANDA.

75.     On information and belief, Sandoz is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Sandoz manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

76.     On information and belief, Sandoz is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

77.     Sandoz has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated January 3, 2018, sent by Sandoz Inc. to, *inter alia*, Pharmacyclics pursuant to 21 U.S.C. § 355(j)(2)(B), Sandoz prepared and filed its ANDA with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

78.     On information and belief, Sandoz plans to sell its ANDA Product in the State of Delaware, list its ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

79.     On information and belief, Sandoz knows and intends that its proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of IMBRUVICA®, causing injury to Plaintiffs. Sandoz intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Product.

80.     Sandoz Inc. regularly engages in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction or venue in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *ViiV Healthcare Company et al. v. Sandoz Inc. et al.*, C.A. No. 17-1784, D.I. 12 (D. Del. Jan. 24, 2018); *Biogen International GMBH et al. v. Sandoz Inc.*, C.A. No. 17-874, D.I. 9 (D. Del. Oct. 16, 2017); *Bristol-Myers Squibb Company et al. v. Sandoz Inc.*, C.A. No. 17-407, D.I. 9 (D. Del. June 12, 2017); *Omeros Corporation v. Sandoz Inc.*, C.A. No. 17-799, D.I. 11 (D. Del. Sept. 13, 2017).

81.    Sandoz Inc. and Lek have not contested personal jurisdiction in this judicial district in the Consolidated Capsule Action and cases thereof. *See* C.A. No. 18-275, D.I. 38, Answer ¶ 61 ("Sandoz does not contest personal jurisdiction in the United States District Court for the District of Delaware."); C.A. No. 18-192, D.I. 109, Answer to First Am. Compl. ¶ 65 ("Sandoz and Lek do not contest personal jurisdiction for purposes of this case only."), D.I. 227, Answer to Second Am. Compl. ¶ 43 (same).

82.    Sandoz Inc. and Lek have invoked the jurisdiction of this judicial district as a Counterclaimant in the Consolidated Capsule Action. *See* C.A. No. 18-192, D.I. 109, Counterclaims ¶ 7, D.I. 227, Counterclaims ¶ 7.

83.    Alternatively, this Court has personal jurisdiction over Lek because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Lek is not subject to general personal jurisdiction in the courts of any state; and (c) Lek has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Sandoz's ANDA, and/or developing, manufacturing, and/or selling drug substances and pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Lek satisfies due process.

84.    Venue is proper in this district for Sandoz Inc. pursuant to 28 U.S.C. § 1400(b).

85.    Venue is proper in this district for Lek pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Lek is a corporation organized and existing under the laws of Slovenia and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

86.    Sandoz and Lek have not contested venue in this judicial district in the Consolidated Capsule Action and cases thereof. *See* D.I. 109, Answer to First Am. Compl. ¶¶ 72

("Sandoz does not contest venue for purposes of this case only."), 73 ("Lek does not contest venue for purposes of this case only."), D.I. 227, Answer to Second Am. Compl. ¶ 53 ("Sandoz and Lek do not contest venue for purposes of this case only.").

87.     This Court has personal jurisdiction over Alvogen because, on information and belief, Alvogen is a limited liability company organized and existing under the laws of Delaware. On information and belief, Alvogen is registered to do business as a domestic limited liability company in Delaware (File Number 5126726).

88.     Additionally, this Court has personal jurisdiction over Alvogen because, on information and belief, Alvogen, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Alvogen's ANDA Products in the State of Delaware upon approval of Alvogen's ANDA.

89.     On information and belief, Alvogen is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through affiliates, agents, and/or alter egos, which Alvogen manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

90.     On information and belief, Alvogen is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos.

91.     Alvogen-Natco has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm

and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® Tablets for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated February 7, 2020, sent by Alvogen to Pharmacyclics pursuant to 21 U.S.C. § 355(j)(2)(B) ("Alvogen-Natco's Notice Letter"), Alvogen-Natco prepared and filed ANDA No. 212763 with the intention of seeking to market Alvogen's ANDA Products nationwide, including within this judicial district.

92.    On information and belief, Alvogen-Natco plans to sell the ANDA Products in the State of Delaware, list the ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

93.    On information and belief, Alvogen-Natco knows and intends that its proposed ANDA Products will be distributed and sold in Delaware and will thereby displace sales of IMBRUVICA® Tablets, causing injury to Plaintiffs. Alvogen-Natco intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Products.

94.    Alvogen has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in a patent infringement action concerning FDA-approved drug products. *See, e.g.*, *Cosmo Techs. Ltd. et al. v. Alvogen Pine Brook, LLC et al.*, C. A. No. 15-1047-LPS, D.I. 9 (D. Del. Nov. 30, 2015). Alvogen has not contested personal jurisdiction or venue in patent litigation concerning FDA-approved drug products in this judicial district. *See, e.g.*, *id.*

95.    Alvogen has not contested personal jurisdiction in this judicial district in the Tablet Action. *See* C.A. No. 19-434, D.I. 10, Answer ¶ 21 ("Alvogen does not contest personal

jurisdiction in this Court for the limited purpose of this action only."), D.I. 21, Answer to First Am. Compl. ¶ 21 (same).

96.     Alvogen has invoked the jurisdiction of this judicial district as a Counterclaimant in the Tablet Action. *See* C.A. No. 19-434, D.I. 10, Counterclaims ¶ 6, D.I. 21, Counterclaims ¶ 6.

97.     This Court has personal jurisdiction over Natco because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Natco is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Natco has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Alvogen's ANDA, preparing and submitting DMF No. 32937 to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Natco satisfies due process.

98.     Natco has not contested personal jurisdiction in this judicial district in the Tablet Action. *See* C.A. No. 19-434, D.I. 11, Answer ¶ 29 ("Natco does not contest personal jurisdiction in this Court for the limited purpose of this action only."), D.I. 22, Answer to First Am. Compl. ¶ 31 (same).

99.     Natco has invoked the jurisdiction of this judicial district as a Counterclaimant in the Tablet Action. *See* C.A. No. 19-434, D.I. 11, Counterclaims ¶ 6, D.I. 22, Counterclaims ¶ 6.

100.    Venue is proper in this district for Alvogen pursuant to 28 U.S.C. § 1391 and 1400(b) because, *inter alia*, Alvogen is a limited liability company organized and existing under the laws of the State of Delaware.

101.    Venue is proper in this district for Natco pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Natco is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENT

102.    The '439 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on November 19, 2019. A true and correct copy of the '439 Patent is attached hereto as Exhibit A.

## SUN'S AMENDMENT TO SUN'S ANDA

103.    On information and belief, Sun has submitted Sun's ANDA to FDA, or caused Sun's ANDA to be submitted to FDA, and any amendments thereto, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of ibrutinib capsules as a purported generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

104.    On information and belief, FDA has not approved Sun's ANDA.

105.    On information and belief, Sun sent Pharmacyclics and Janssen a Notice Letter dated January 28, 2020. Sun's Notice Letter represented that Sun had submitted an amendment to FDA for Sun's ANDA, including a purported Paragraph IV certification for the '439 Patent.

106.    On information and belief, if FDA approves Sun's ANDA, Sun will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Sun's ANDA Product will directly infringe the '439 Patent and Sun will actively induce and/or contribute to its infringement.

107.    This action is being brought within forty-five days of Plaintiffs' receipt of Sun's Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C).

## ZYDUS'S AMENDMENT TO ZYDUS'S ANDA

108.    On information and belief, Zydus has submitted Zydus's ANDA to FDA, or caused Zydus's ANDA  to be submitted to FDA, and any amendments thereto, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of ibrutinib capsules as a purported generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

109.    On information and belief, FDA has not approved Zydus's ANDA.

110.    A On information and belief, Zydus sent Pharmacyclics and Janssen a Notice Letter dated March 9, 2020. Zydus's Notice Letter represented that Zydus had submitted an amendment to FDA for Zydus's ANDA, including a purported Paragraph IV certification for the '439 Patent. Zydus did not articulate any non-infringement grounds for claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent in Zydus's Notice Letter.

111.    On information and belief, if FDA approves Zydus's ANDA, Zydus will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Zydus's ANDA Product will directly infringe the '439 Patent and Zydus will actively induce and/or contribute to its infringement.

## SANDOZ'S ANDA

112.    On information and belief, Sandoz has submitted Sandoz's ANDA to FDA, or caused Sandoz's ANDA to be submitted to FDA, and any amendments thereto, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of

ibrutinib capsules as a purported generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

113.     On information and belief, FDA has not approved Sandoz's ANDA.

114.     After Plaintiffs initially brought the Consolidated Capsule Action, the '439 Patent was listed in the Orange Book for IMBRUVICA®. Pursuant to 21 CFR § 314.94(a)(12)(viii)(C)(1)(ii), Sandoz must submit a certification for the '439 Patent in connection with Sandoz's ANDA before obtaining FDA approval of the ANDA. On information and belief, Sandoz has not submitted a Paragraph III certification for the '439 Patent. Sandoz has submitted a Paragraph IV certification in connection with Sandoz's ANDA for patents related to the '439 Patent. On information and belief, Sandoz intends to seek permission from FDA to market its ANDA Product prior to expiration of the '439 Patent. Plaintiffs bring this Complaint to assert infringement of the '439 Patent in addition to the patents previously asserted against Sandoz.

115.     On information and belief, if FDA approves Sandoz's ANDA, Sandoz will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Sandoz's ANDA Product will directly infringe the '439 Patent and Sandoz will actively induce and/or contribute to its infringement.

## ALVOGEN-NATCO'S AMENDMENT TO ALVOGEN'S ANDA

116.     On information and belief, Alvogen-Natco has submitted Alvogen's ANDA to FDA, or caused Alvogen's ANDA to be submitted to FDA, and any amendments thereto, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or

sale of ibrutinib capsules as a purported generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

117.    On information and belief, FDA has not approved Alvogen's ANDA.

118.    On information and belief, Alvogen-Natco sent Pharmacyclics a Notice Letter dated February 7, 2020. Alvogen-Natco's Notice Letter represented that Alvogen-Natco had submitted and amendment to FDA for Alvogen's ANDA, including a purported Paragraph IV certification for the '439 Patent.

119.    On information and belief, if FDA approves Alvogen's ANDA, Alvogen-Natco will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Alvogen's ANDA Product will directly infringe the '439 Patent and Alvogen-Natco will actively induce and/or contribute to its infringement.

120.    This action is being brought within forty-five days of Plaintiffs' receipt of Alvogen-Natco's Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C).

## COUNT I
## INFRINGEMENT OF THE '439 PATENT BY SUN

121.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–120 as if fully set forth herein.

122.    On information and belief, Sun submitted or caused the submission of Sun's ANDA to FDA, and thereby seeks FDA approval of Sun's ANDA Product.

123.    Plaintiffs own all rights, title, and interest in and to the '439 Patent.

124.    Sun's ANDA Product, or the use thereof, infringes at least claims 1 and 10 of the '439 Patent.

125.    Sun has infringed at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sun's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

126.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Sun's ANDA Product prior to the expiration of the '439 Patent would infringe at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271(a), and/or Sun would induce the infringement of and/or contribute to the infringement of at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271 (b) and/or (c).

127.    On information and belief, Sun continues to seek approval of its ANDA without adequate justification for asserting that the '439 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Sun's conduct renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

128.    Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '439 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sun, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '439 PATENT BY ZYDUS

129.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–128 as if fully set forth herein.

130.   On information and belief, Zydus submitted or caused the submission of Zydus's ANDA to FDA, and thereby seeks FDA approval of Zydus's ANDA Product.

131.   Plaintiffs own all rights, title, and interest in and to the '439 Patent.

132.   Zydus's ANDA Product, or the use thereof, infringes at least claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent.

133.   Zydus did not contest infringement of claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent in Zydus's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '439 Patent, it was required by applicable regulations to state such a basis in Zydus's Notice Letter. See 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

134.   Zydus has infringed at least claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

135.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Product prior to the expiration of the '439 Patent would infringe at least claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–4, 6, 9–12, 14 and 17 of the '439 Patent under 35 U.S.C. § 271 (b) and/or (c).

136.   On information and belief, Zydus continues to seek approval of its ANDA without adequate justification for asserting that the '439 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Zydus's conduct renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and

entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

137.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '439 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III**
**INFRINGEMENT OF THE '439 PATENT BY SANDOZ**

138.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–137 as if fully set forth herein.

139.    On information and belief, Sandoz submitted or caused the submission of Sandoz's ANDA to FDA, and thereby seeks FDA approval of Sandoz's ANDA Product.

140.    Plaintiffs own all rights, title, and interest in and to the '439 Patent.

141.    Sandoz's ANDA Product, or the use thereof, infringes at least claims 1 and 10 of the '439 Patent.

142.    Sandoz has infringed at least claims 1 and 10 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Sandoz's ANDA and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '439 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

143.    The '439 Patent is listed in the Orange Book for NDA No. 205552. Pursuant to 21 CFR § 314.94(a)(12)(viii)(C)(1)(ii), Sandoz must submit a certification for the '439 Patent in connection with ANDA No. 211267 before obtaining FDA approval of the ANDA. On

information and belief, Sandoz has not submitted a Paragraph III certification for the '439 Patent. Sandoz has submitted a Paragraph IV certification in connection with Sandoz's ANDA for patents related to the '439 Patent. On information and belief, Sandoz intends to seek permission from FDA to market its ANDA Product prior to expiration of the '439 Patent. Accordingly, a case or controversy exists between the parties regarding Sandoz's infringement of the '439 Patent.

144.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Sandoz's ANDA Product prior to the expiration of the '439 Patent would infringe at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271(a), and/or Sandoz would induce the infringement of and/or contribute to the infringement of at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271 (b) and/or (c).

145.    On information and belief, Sandoz continues to seek approval of its ANDA and would not have adequate justification to assert that the '439 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Sandoz's conduct renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

146.    Plaintiffs will be irreparably harmed if Sandoz is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '439 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sandoz, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## INFRINGEMENT OF THE '439 PATENT BY ALVOGEN-NATCO

147.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–146 as if fully set forth herein.

148.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen's ANDA Product.

149.    Plaintiffs own all rights, title, and interest in and to the '439 Patent.

150.    Alvogen's ANDA Product, or the use thereof, infringes at least claims 1 and 10 of the '439 Patent.

151.    Alvogen-Natco has infringed at least claims 1 and 10 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alvogen's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '439 Patent.

152.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen's ANDA Product prior to the expiration of the '439 Patent would infringe at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of at least claims 1 and 10  of the '439 Patent under 35 U.S.C. § 271 (b) and/or (c).

153.    On information and belief, Alvogen-Natco continues to seek approval of its ANDA without adequate justification for asserting that the '439 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Alvogen-Natco's conduct renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

154.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '439 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     A judgment that Sun has infringed the '439 Patent under 35 U.S.C. § 271(e)(2)(A);

(B)     A judgment that Zydus has infringed the '439 Patent under 35 U.S.C. § 271(e)(2)(A);

(C)     A judgment that Sandoz has infringed the '439 Patent under 35 U.S.C. § 271(e)(2)(A);

(D)     A judgment that Alvogen-Natco has infringed the '439 Patent under 35 U.S.C. § 271(e)(2)(A);

(E)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Sun's ANDA shall be no earlier than the expiration date of the '439 Patent, or any later expiration of exclusivity for the '439 Patent, including any extensions or regulatory exclusivities;

(F)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Zydus's ANDA shall be no earlier than the expiration date of the '439 Patent, or any later expiration of exclusivity for the '439 Patent, including any extensions or regulatory exclusivities;

(G)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Sandoz's ANDA shall be no earlier than the expiration date of the '439 Patent, or any later expiration of exclusivity for the '439 Patent, including any extensions or regulatory exclusivities;

(H)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Alvogen's ANDA shall be no earlier than the expiration date of the '439 Patent, or any later expiration of exclusivity for the '439 Patent, including any extensions or regulatory exclusivities;

(I)     Entry of a permanent injunction enjoining Sun, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Sun or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Product within the United States, or importing its ANDA Product into the United States, until the day after the expiration of the '439 Patent, including any additional exclusivity period applicable to this patent, and from otherwise infringing the claims of the '439 Patent;

(J)     Entry of a permanent injunction enjoining Zydus, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Zydus or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Product within the United States, or importing its ANDA Product into the United States, until the day after the expiration of the '439 Patent, including any additional exclusivity period applicable to this patent, and from otherwise infringing the claims of the '439 Patent;

(K)     Entry of a permanent injunction enjoining Sandoz, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Sandoz or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA

Product within the United States, or importing its ANDA Product into the United States, until the day after the expiration of the '439 Patent, including any additional exclusivity period applicable to this patent, and from otherwise infringing the claims of the '439 Patent;

(L)     Entry of a permanent injunction enjoining Alvogen-Natco, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Alvogen-Natco or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Product within the United States, or importing its ANDA Product into the United States, until the day after the expiration of the '439 Patent, including any additional exclusivity period applicable to this patent, and from otherwise infringing the claims of the '439 Patent;

(M)     A judgment declaring that making, using, selling, offering to sell, or importing Sun's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '439 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(N)     A judgment declaring that making, using, selling, offering to sell, or importing Zydus's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '439 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(O)     A judgment declaring that making, using, selling, offering to sell, or importing Sandoz's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '439 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(P)     A judgment declaring that making, using, selling, offering to sell, or importing Alvogen-'s ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '439 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(Q)     A declaration under 28 U.S.C. § 2201 that if Sun, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Sun's ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(R)     A declaration under 28 U.S.C. § 2201 that if Zydus, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Sun's ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(S)     A declaration under 28 U.S.C. § 2201 that if Sandoz, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Sun's ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(T)     A declaration under 28 U.S.C. § 2201 that if Alvogen-Natco, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Sun's ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(U)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Sun engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product, or any product that infringes the '439 Patent, or induces or contributes to such conduct,

prior to the expiration of the patent including any additional exclusivity period applicable to the patent;

(V)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Zydus engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product, or any product that infringes the '439 Patent, or induces or contributes to such conduct, prior to the expiration of the patent including any additional exclusivity period applicable to the patent;

(W)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Sandoz engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product, or any product that infringes the '439 Patent, or induces or contributes to such conduct, prior to the expiration of the patent including any additional exclusivity period applicable to the patent;

(X)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Alvogen-Natco engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product, or any product that infringes the '439 Patent, or induces or contributes to such conduct, prior to the expiration of the patent including any additional exclusivity period applicable to the patent;

(Y)    A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(Z)    Costs and expenses in this action; and

(AA)   Such other and further relief as the Court deems just and proper.

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Laura Dolbow
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956
(202) 662-6000

Alexa Hansen
David Denuyl
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Irena Royzman
Marcus A. Colucci
Cristina L. Martinez
Jennifer Liu
Jonathan R. Pepin
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

March 20, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs Pharmacyclics LLC*
*and Janssen Biotech, Inc.*